UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>CESAR'S MEXICAN RESTAURANT, LLC, et al.,<br><br>　　　　　　　　Defendants. | Case No.: 19cv1416-LAB (JLB)<br><br>**ORDER OF PARTIAL DISMISSAL** |

　　　Plaintiff James Rutherford, through counsel, filed his complaint bringing claims under the Americans with Disabilities Act (ADA), and supplemental state claims. Because the complaint failed to establish Article III standing, the Court issued an order to show cause specifically pointing out the defects. (Docket no. 3.) Rutherford is a frequent litigant in this Court, and similar defects have been pointed out to him before. Among other things, the complaint suggested that Rutherford's injury stemmed from conditions in Defendants' restaurant parking lot that made it inaccessible for wheelchair users. He did not, however, allege that he ever used a wheelchair in the parking lot, or that he had any plans to do so in the future. According to the complaint, Rutherford at time uses a wheelchair, but at other times relies on a walker or a cane. The complaint did not mention how often he

uses any one of these. For example, it is unknown whether he uses a wheelchair most of the time, or only rarely. He did not allege any facts reasonably suggesting that he would likely be using a wheelchair or a walker when he returned to the restaurant. He also included some unclear allegations about a flared curb ramp, which he has been warned about before.

The Court is required to raise and address jurisdictional issues, such as standing. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (en banc). Failure to plead facts showing a likelihood that a requested injunction would provide meaningful relief is a significant jurisdictional defect. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992) (holding that "some day" intentions to return to a location where future injury was likely did not show actual, imminent injury required for standing); *Chapman,* 631 F.3d at 948–49 (9th Cir. 2011) (holding that a plaintiff seeking injunctive relief must demonstrate a sufficient likelihood of being injured again in a similar way). This is not a phantom concern; ADA plaintiffs have, in the past, attempted to bring claims concerning van-accessible parking spaces in spite of the fact that they had never been to the premises in question in a van, and were unlikely to do so in the future. *See, e.g.*, *Strong v. Johnson*, 2017 WL 3537746 (S.D.Cal., Aug. 17, 2017).[1] Courts cannot guess at facts necessary to establish standing; the plaintiff must plead them. *Chapman*, 631 F.3d at 955. For example, an ADA plaintiff must plead facts rather than mere labels or conclusions showing which of the alleged violations deprives

/ / /

---

[1] This order dealt with the standing of plaintiffs in two separate cases bringing claims based on van-accessible parking spaces. At a jurisdictional hearing, the Court learned that one of the plaintiffs had never been to the premises in question in a van, and in fact had only ridden in a specially-equipped van once, when a friend who owned one gave her a ride. She usually rode public buses, and was unlikely ever to need a van-accessible parking space.

him of full and equal access to facilities or how they deter him from visiting again due to his disability. *Id* at 955 and n.9 (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Rutherford has now filed an amended complaint (the "FAC"), which does not correct most of the defects, and fails to show that the Court can exercise jurisdiction over most of his claims.

According to the FAC, Rutherford visited the restaurant once, and was using a cane on that occasion. The FAC does not allege that he arrived in a van, or that he needed or used a specially-equipped van when using his cane—or, for that matter, that he has ever used such a van. The only injury he alleges is that the conditions in the parking lot required him to ambulate across an inaccessible pathway to get to the restaurant's entrance. (FAC, ¶ 21.)  While he alleges he is deterred from returning while using his walker or wheelchair, he has never alleged facts suggesting he would be reasonably likely to be relying on either when he returns.

The FAC repeats garbled allegations about a flared curb ramp, without explaining how the flared ramp affects Rutherford or how it denied him access. Reading through the allegations, it is difficult to discern a clear picture of what the parking lot looked like, what Rutherford thought was wrong with it, and how it affected him. The FAC cites ADAAG Sections 406.5 and 406.3, which deal with the placement and slope of curb ramps and their flared sides. He alleges that the ramp projects into a parking space access aisle, and that the curb ramp's flared sides exceeded 10%. But merely cataloguing violations is not enough. *Chapman*, 631 F.3d at 954–55. For the most part, the FAC does not allege how these violations affected Rutherford, or denied him full and equal access to the facilities. For example, it does not allege that he needs an access aisle free from protruding curb ramps when using his cane, or that the excessively sloped flared sides affected him as he was ambulating up the ramp. *See* 2010 ADAAG Standard

/ / /

402.2 (accessible route does not include flared sides of curb ramps).[2] The only alleged fact that could give rise to an injury in fact is the FAC's contention that the curb ramp slope exceeds 10%, and that this makes walking with his cane unnecessarily difficult and risky.  (FAC, ¶¶ 14, 21.)

The FAC also conclusorily alleges the absence of any accessible route connecting the parking lot to "the main entrance or elements within the facility," without explaining what is missing or wrong. (FAC, ¶ 14.)

The FAC also claims Rutherford has standing as a "tester," because he intends to return to the restaurant again to see if it is ADA-compliant. The Ninth Circuit has held that "testers" *can* have standing to bring ADA claims, *see Civil Rights Educ. & Enforcement Ctr. v. Hospitality Properties Trust*, 867 F.3d 1093, 1101–02 (9th Cir. 2017), but not—as the FAC implies—that testers *automatically* have standing.  Testers are distinguished from a bona fide customer or patrons by their motivation; namely, testers visit a business or accommodation hoping to find violations.  *See id.* at 1102 (explaining that a plaintiff's motivation for encountering an invasion of legally-protected rights is irrelevant to the question of standing to bring an ADA claim).  But simply being a tester does not automatically confer standing, any more than simply being a customer does. *See Chapman*, 631 F.3d at 953 (explaining how injury-in-fact requirement prevents the ADA from becoming an "open-ended private attorney general statute").

In short, even after the amendment, the Court still has little basis for concluding that Rutherford has standing to bring all his claims.  With the exception of the claim based on an excessively sloped curb ramp, his attempt to remedy the

---

[2] The purpose of limiting the slope on the side flares is apparently to reduce the danger that pedestrians walking along a sidewalk will trip when encountering a steep ramp. *See Norkunas v. Tar Heel Capital Wendy's LLC*, 2011 WL 2940722 (W.D. N.C., July 19, 2011).

defects pointed out to him fall short.  All other claims are therefore **DISMISSED WITHOUT PREJUDICE**, for failure to invoke the Court's jurisdiction.

No later than **September 16, 2019**, Rutherford must file a second amended complaint. He may include the one claim for which he has shown standing, and may include dismissed claims only if he pleads facts showing he has standing to bring those claims. Because the jurisdictional pleading defects have been pointed out to him, the Court will not assume he can remedy these defects even if given an opportunity.

**IT IS SO ORDERED**.

Dated:  September 3, 2019

*Larry A. Burns*
Hon. Larry Alan Burns
Chief United States District Judge