Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**MANNING LAW, APC**
20062 SW Birch Street, Ste. 200
Newport Beach, CA 92660
Office: (949) 200-8755
DisabilityRights@manninglawoffice.com

Attorney for Plaintiff: JAMES RUTHERFORD

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual,<br><br>              Plaintiff,<br><br>v.<br><br>CESAR'S MEXICAN RESTAURANT LLC, a California limited liability company; ARNOLDO VARGAS, and IRMA C. VARGAS, individually and as trustees of THE VARGAS LIVING TRUST DATED JUNE 3, 2009; and DOES 1-10, inclusive,<br><br>              Defendants. | **Case No**. 3:19-cv-01416-LAB-JLB<br><br>**Second Amended Complaint For Damages And Injunctive Relief For:**<br><br>1. **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181** *et seq.* **as amended by the ADA Amendments Act of 2008 (P.L. 110-325).**<br><br>2. **VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51** *et seq*. |

Plaintiff, JAMES RUTHERFORD ("Plaintiff"), complains of Defendants CESAR'S MEXICAN RESTAURANT LLC, a California limited liability company; ARNOLDO VARGAS, and IRMA C. VARGAS, individually and as trustees of THE VARGAS LIVING TRUST DATED JUNE 3, 2009; and DOES 1-10

1
SECOND AMENDED COMPLAINT

("Defendants") and alleges as follows:

# PARTIES:

1. Plaintiff is an adult California resident. Plaintiff's musculoskeletal and neurological systems are impaired such that Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, sitting, in addition to twisting, turning, and grasping objects. As a result of these disabilities, Plaintiff relies upon manually powered mobility aids, including a cane, Rollator walker, and a wheelchair, to ambulate. Plaintiff qualifies as a member of a protected class under the Americans with Disabilities Act, 42 U.S.C. §12102(2) as amended by the ADA Amendments Act of 2008 (P.L. 110-325) ("ADA") and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq. At the time of Plaintiff's visits to Defendant's facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA, including those set forth in this paragraph. Plaintiff is also the holder of a Disabled Person Parking Placard.

2. Defendant ARNOLDO VARGAS, and IRMA C. VARGAS, individually and as trustees of THE VARGAS LIVING TRUST DATED JUNE 3, 2009, owned the property located at 815 N Santa Fe Avenue, Vista, California 92084 ("Property") on January 31, 2019.

3. Defendant ARNOLDO VARGAS, and IRMA C. VARGAS, individually and as trustees of THE VARGAS LIVING TRUST DATED JUNE 3, 2009, own the Property currently.

4. CESAR'S MEXICAN RESTAURANT LLC, a California limited liability company, owned, operated, and controlled the business of Santa Ana Fresh Mexican Food ("Business") on January 31, 2019.

5. CESAR'S MEXICAN RESTAURANT LLC, a California limited liability company, owns, operates, and controls the Business currently.

6. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the Property and Business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA.

8. This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367, because Plaintiff's Unruh Civil Rights Act, California Civil Code § 51 *et seq.*, ("UCRA") claims are so related to Plaintiff's federal ADA claims in that they have the same nucleus of operative facts and arising out of the same transactions, they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper in this court pursuant to 28 U.S.C. §1391 because the Property which is the subject of this action is located in this district and because Plaintiff's causes of action arose in this district.

## FACTUAL ALLEGATIONS

10. Plaintiff went to the Business on or about January 31, 2019 for the dual purpose of purchasing lunch and to confirm that this public place of accommodation is accessible to persons with disabilities within the meaning federal and state law.

11. The Business, including the Property, is a facility open to the public, a

1  place of public accommodation, and a business establishment.

2     12.  Parking spaces are some of the facilities, privileges, and advantages reserved by Defendants to persons patronizing the Business and Property.

3     13.  Unfortunately, although parking spaces were some of the facilities reserved for patrons, there were barriers for persons with disabilities that cause the named facilities to fail as to compliance with the 2010 Americans with Disability Act Accessibility Guidelines ("ADAAG") on or around January 31, 2019, or at any time thereafter up to and including, the date of the filing of this Second Amended Complaint.

4     14.  Instead of having architectural barrier free facilities for patrons with disabilities, Plaintiff experienced the following at the Business and Property: there is no ADASAD compliant accessible parking signage in violation of Section 502.6; the curb ramp providing access to the main entrance projects into the parking space access aisles in violation of Section 406.5; parking spaces and access aisles serving them shall comply with 302 (access aisles shall be at the same level as the parking spaces they serve, changes in level are not permitted); and, there is no accessible route connecting the parking to the main entrance or elements within the facility as required by Section 206.2.2 which requires that at least one accessible route shall connect accessible buildings, accessible facilities, accessible elements, and accessible spaces that are on the same site.

5     15.  Subject to the reservation of rights to assert further violations of law after a site inspection found *infra*, Plaintiff asserts there are additional ADA violations which affect him personally.

6     16.  Plaintiff is informed and believes and thereon alleges that, currently, there is no compliant, accessible parking designed, reserved and available to persons with disabilities at the Subject Property in addition to that alleged *supra*.

7     17.  Plaintiff is informed and believes and thereon alleges that Defendants had no policy or plan in place to make sure that there was compliant accessible

parking for persons with disabilities prior to January 31, 2019.

18. Plaintiff is informed and believes and thereon alleges Defendants have no policy or plan in place to make sure that the complaints of violations alleged above are available to persons with disabilities and remain compliant currently.

19. Plaintiff personally encountered these barriers when attempting to access the Business and Property. The presence of these barriers, which are related to Plaintiff's particular disabilities, denied Plaintiff his right to enjoy accessible conditions at the Property and invaded legally cognizable interests created under the ADA.

20. The access barriers identified *supra* in paragraph 14 are necessarily related to Plaintiff's legally recognized disability in that: Plaintiff is substantially limited in the major life activities of walking, standing, ambulating, and sitting, in addition to twisting turning, and grasping objects; Plaintiff is the holder of a disabled parking placard; and because the enumerated access barriers relate to the use of the accessible parking, relate to the slope and condition of the accessible parking surfaces (*See e.g.*, ADAAG Section 208.2.2 regarding Rehabilitation Facilities that treat patients with conditions that affect mobility, an increased percentage of parking shall comply with Section 502) and accessible path to the accessible entrance, relate to the width of the accessible path to the accessible entrance, and relate to the safety of the accessible path and ramp to the accessible entrance. The ADAAG violations at the Property and Business caused by the presence of excessive surface slopes within the access aisle, the accessible space and the accessible path to the accessible entrance effect Plaintiff because they increase the level of difficulty for him to pass and create an unnecessary danger of falling with attendant anxiety.

21. As a result of Defendant's non-compliance with the ADA, Plaintiff's ability to access and safely use the Property has been significantly impeded. More specifically, the conditions, which are related to Plaintiff's legally recognized disabilities, interfered with his full and equal enjoyment of the Property because he

was required to ambulate across an inaccessible pathway from his vehicle to the accessible entrance of the the Property and Business causing him unnecessary difficulty and subjecting him to unnecessary risk while using his cane and the presence of these conditions deters Plaintiff from returning while using his Rollator walker or wheelchair until such time as the Property is rendered accessible. Recently, Plaintiff's condition has dictated that he use his Rollator walker a majority of the time while ambulating in public. Based upon this, it is his expectation he will be using his Rollator walker upon his return to the Property and Business.

22. Plaintiff has a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments.

23. Plaintiff intends to return to the Property and Business for the dual purpose of availing himself of the goods and services offered to the public and to ensure that the Defendants cease evading their responsibilities under federal and state law.

24. Plaintiff would also like to return to the location given its close proximity to the City of Vista with its many attractions as well as the coastal areas frequented by Plaintiff and his fiancé. Plaintiff and his fiancé also desire to enjoy the food at the Business also known as Santa Ana Fresh Mexican Food, which is a highly rated destination for authentic Mexican food. Plaintiff will return to the Property and Business with his fiancé and will be driving the wheelchair accessible van she requires to travel via automobile (she is a paraplegic who requires a wheelchair to ambulate and who uses a power wheelchair that deploys via ramp from her van). Plaintiff will use his Rollator walker to ambulate.

25. Upon being informed that the public place of accommodation has become *fully and equally accessible, he will return within 45 days as a "tes*ter" for the purpose of confirming their accessibility. *Civil Rights Educ. and Enforcement Center v. Hospitality Props. Trust*, 867 F.3d 1093, 1096 (9th Cir. 2017).

26. The Defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

27. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

28. Given the obvious and blatant violation alleged hereinabove, Plaintiff alleges, on information and belief, that there are other violations and barriers in the site that relate to his disabilities. Plaintiff will amend the Second Amended Complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, the Defendants are on notice that Plaintiff seeks to have all barriers related to their disabilities remedied. See *Doran v. 7-11,* 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

29. Without injunctive relief, Plaintiff will continue to be unable to fully access Defendants' facilities in violation of Plaintiff's rights under the ADA.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq*. as amended by the ADA Amendments Act of 2008 (P.L. 110-325)

30. Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Second Amended Complaint necessary or helpful to state this cause of action as though fully set forth herein.

31. Under the ADA, it is an act of discrimination to fail to ensure that the

privileges, advantages, accommodations, facilities, goods, and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a.    A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b.    A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D".

    c.    A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

32. Any business that provides parking spaces must provide accessible parking spaces. 2010 Standards § 208. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 Standards § 502.4. "Access aisles are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory. Specifically, built up curb ramps are not permitted to

project into access aisles and parking spaces. Id. No more than a 1:48 slope is permitted. Standards § 502.4.

33. Here, the failure to ensure that accessible facilities were available and ready to be used by Plaintiff is a violation of law.

34. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

35. Given its location and options, Plaintiff will continue to desire to patronize the Business but he has been and will continue to be discriminated against due to lack of accessible facilities and, therefore, seek injunctive relief to remove the barriers.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.*

36. Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Second Amended Complaint necessary or helpful to state this cause of action as though fully set forth herein.

37. California Civil Code § 51 *et seq.* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever. Defendants are systematically violating the UCRA, Civil Code § 51 *et seq.*

38. Because Defendants violate Plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).) These violations are ongoing.

39. Defendants' actions constitute discrimination against Plaintiff on the basis of their individual disabilities, in violation of the UCRA, Civil Code § 51 *et seq.* Plaintiff is informed and believes and thereon alleges Defendants have been previously put on actual notice that its premises are inaccessible to Plaintiff as above

alleged.  Despite this knowledge, Defendants maintain the Property and Business in an inaccessible form.

# PRAYER

**WHEREFORE, Plaintiff prays that this court award damages provide relief as follows:**

1. A preliminary and permanent injunction enjoining Defendants from further violations of the ADA, 42 U.S.C. § 12181 *et seq.*, and UCRA, Civil Code § 51 *et seq.* with respect to its operation of the Business and Subject Property; **Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.**

2. An award of actual damages and statutory damages of not less than $4,000 per violation pursuant to § 52(a) of the California Civil Code and $4,000 for each time he visits an establishment that contains architectural barriers that deny the Plaintiff of full and equal enjoyment of the premises (*Feezor v. Del Taco, Inc.* (2005) 431 F.Supp.2d 1088, 1091.)

3. An additional award of $4,000.00 as deterrence damages for each violation pursuant to *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016);

4. For reasonable attorneys' fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205; California Civil Code § 52;

# DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully request a trial by jury on all appropriate issues raised in this Second Amended Complaint.

Dated: September 16, 2019           **MANNING LAW, APC**

By: /s/ Joseph R. Manning Jr., Esq.
Joseph R. Manning Jr., Esq.
Attorney for Plaintiff