UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD,<br><br>    Plaintiff,<br><br>v.<br><br>CESAR'S MEXICAN RESTAURANT, LLC, et al.,<br><br>    Defendants. | Case No.: 3:19-cv-1416-LAB-JLB<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND DISMISSING ACTION**<br>**[Dkt. 19]** |

While visiting the Santa Ana Fresh Mexican restaurant in Vista, California, Plaintiff James Rutherford, a disabled person, alleges that he encountered parking lot conditions that barred his access and use of the restaurant. He brought two claims against the restaurant and the owners of the property seeking injunctive relief under the Americans with Disabilities Act (ADA) and damages and attorneys' fees under California's Unruh Civil Rights Act. Rutherford has moved for default judgment on those claims. Mot. for Default J., Dkt. 19. But because Rutherford doesn't have standing to pursue his only federal claim, the Court is without jurisdiction to issue judgment on Rutherford's state claim. The Motion is **DENIED**, and Rutherford's claims are **DISMISSED WITHOUT PREJUDICE**.

Before entering default judgment on a claim, a federal court must confirm that it has jurisdiction over that claim, including whether the plaintiff has standing. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) ("[F]ederal courts are required

sua sponte to examine jurisdictional issues such as standing"). A plaintiff seeking injunctive relief must demonstrate standing by identifying a "real and immediate" threat of injury. *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974).

Rutherford doesn't have standing to seek injunctive relief in connection with his ADA claim because he isn't facing a real and immediate threat of injury. Although he maintains that he is being denied "full and equal access to" the restaurant's facilities, Mem. in Supp. of Mot. for Default J., Dkt. 19-1 at 9-10; 42 U.S.C. §§ 12182, 12183, the COVID-19 pandemic has changed what it means to fully and equally access restaurants. Many restaurants in San Diego County have been forced to halt dine-in services or to cease operations altogether.[1] The Court called Rutherford's attention to this concern and directed him to confirm his need for injunctive relief. Order to Show Cause, Dkt. 25. Rutherford, in a filing titled, "Notice that Plaintiff Does Not Need Immediate Injunctive Relief," responded that he could "get his food and groceries from [other] places" so "immediate injunctive relief is not required." Dkt. 26. If Rutherford no longer needs immediate injunctive relief to avoid injury, he doesn't have standing under the ADA, and the Court doesn't have jurisdiction over that claim. *Chapman*, 631 F.3d at 954.

Rutherford alleges that his second claim, under California's Unruh Civil Rights Act, is subject to the Court's supplemental jurisdiction. Second Am. Compl., Dkt. 12, ¶ 8. It isn't. A federal court can't exercise supplemental jurisdiction in a case without original jurisdiction over another federal claim in the case. *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 804-06 (9th Cir. 2001); 28 U.S.C. § 1367(a). Given Rutherford's concession that injunctive relief is no longer necessary nor being sought, supplemental jurisdiction isn't available over his Unruh Act claim.

/ / /

/ / /

---

[1] Substantial restrictions on San Diego County restaurants' ability to open for on-site dining remain in place. *See* https://www.sandiegocounty.gov/content/dam/sdc/hhsa/programs/phs/Epidemiology/HealthOfficerOrderCOVID19.pdf (accessed September 8, 2020).

The Motion for Default Judgment is **DENIED**. Both claims are **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to close the case.

**IT IS SO ORDERED**.

Dated: September 9, 2020

Hon. Larry Alan Burns
Chief United States District Judge